NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNITED STATES,**
*Plaintiff-Appellee,*

**v.**

**TREK LEATHER, INC.,**
*Defendant,*

AND

**HARISH SHADADPURI,**
*Defendant-Appellant.*

---

2011-1527

---

Appeal from the United States Court of International Trade in No. 09-CV-0041, Judge Nicholas Tsoucalas.

---

**ON PETITION FOR REHEARING EN BANC**

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, and CHEN, *Circuit Judges*\*.

---

 \*    *Circuit Judge* HUGHES did not participate.

PER CURIAM.

## O R D E R

A petition for rehearing en banc was filed by Plaintiff-Appellee United States and a response thereto was invited by the court and filed by Defendant-Appellant Harish Shadadpuri (Shadadpuri).

The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc and response were referred to the circuit judges who are authorized to request a poll to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

IT IS ORDERED THAT:

(1) The petition for rehearing en banc of Plaintiff-Appellee United States is granted.

(2) The court's opinion of July 30, 2013 is vacated and the appeal reinstated.

(3) The parties are requested to file new briefs. The briefs should address the following issues:

> A) 19 U.S.C. § 1592(a) imposes liability on any "person" who "enter[s], introduce[s], or attempt[s] to enter or introduce" merchandise into United States commerce by means of fraud, gross negligence, or negligence by the means described in § 1592(a). What is the meaning of "person" within this statutory provision? How do other statutory provisions of Title 19 affect this inquiry?
>
> B) If corporate officers or shareholders qualify as "persons" under § 1592(a), can

they be held personally liable for duties and penalties imposed under § 1592(c)(2) and (3) when, while acting within the course and scope of their employment on behalf of the corporation by which they are employed, they provide inaccurate information relating to the entry or introduction of merchandise into the United States by their corporation? If so, under what circumstances?

C) What is the scope of "gross negligence" and "negligence" in 19 U.S.C. § 1592(a) and what is the relevant duty? How do other statutory provisions in Title 19 affect this inquiry?

(4) This appeal will be reheard en banc on the basis of the additional briefing ordered herein. An original and thirty copies of the new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Each principal brief should not exceed 14,000 words, and the reply brief should not exceed 7,000 words. Shadadpuri's en banc brief is due 45 days from the date of this order. The United States' en banc response brief is due within 30 days of service of Shadadpuri's en banc brief, and any en banc reply brief is due within 15 days of service of the United States' en banc response brief. The case will be submitted without additional oral argument.

(5) Briefing should be limited to the issues set forth above.

(6) Other briefs of amici curiae will be entertained, and as such, amicus briefs may be filed

without consent and leave of the court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

FOR THE COURT

March 5, 2014                          /s/ Daniel E.
O'Toole Date                          Daniel E. O'Toole
                                       Clerk of Court